IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **SILVESTRE PIÑA** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   Civil Action No.: TDC-15-0638 |
| | * |
| **PAKALEX INC., et al.,** | * |
| | * |
| **Defendants.** | * |

*****

## **MEMORANDUM OPINION**

Before this Court is the parties' Joint Motion for Approval of Settlement & Release (the "Motion") (ECF No. 13). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court does not approve the Settlement Agreement and Release (the "Settlement Agreement") the parties executed as to all claims, including Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

**I.     Factual Background**

Plaintiff Silvestre Piña ("Plaintiff") worked with Defendants Pakalex, Inc., Richard Listrani, and Eileen Listrani ("Defendants") from 2000 until December 2011. Pl.'s Compl. 3. On March 6, 2015, Plaintiff filed a complaint against Defendants alleging that although he regularly worked 48 hours per week, he was not paid overtime wages. *Id*. Plaintiff also alleges that in approximately 2004 or 2005, Defendants began failing to timely pay his salary. *Id*.

As a result, Plaintiff alleges that Defendants violated the FLSA when they failed to pay him overtime wages throughout the period of his employment. Pl.'s Compl. 5. Plaintiff also alleges that Defendants violated the Maryland Wage Payment and Collection Law ("MWPCL") when they failed to pay him regular wages, including overtime wages. Pl.'s Compl. 6. Plaintiff further alleges that Defendants breached a contract the parties entered into in 2005, under which Defendants agreed to pay Plaintiff a weekly salary of $650.00. Pl.'s Compl. 7. Plaintiff alleges that Defendants breached this contract by not paying him for numerous weeks, by giving him checks that bounced, and by asking him to not deposit checks until funds were available. *Id*. Defendants rely on a number of affirmative defenses, including the assertion that Plaintiff was an independent contractor instead of an employee, and therefore, neither the FLSA nor the MWPCL apply to his claims. Def.'s Answer 6. Defendants also assert that Plaintiff's claims are time-barred. *Id*.

On August 7, 2015, the parties participated in a settlement conference before this Court. On August 20, 2015, the parties executed the Settlement Agreement. *See* ECF No. 13-2. On August 21, 2015, the parties filed the Motion seeking approval of the Settlement Agreement. Under the Settlement Agreement, Plaintiff agrees to settle, discharge, and terminate all claims in exchange for a payment of $20,000.00, representing $12,000.00 in damages to Plaintiff, and $8,000.00 in attorney's fees and costs for Plaintiff's counsel.

II. Analysis

Under the FLSA, Congress sought to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. *See Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md.

June 13, 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). FLSA provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *Id.*; *Brooklyn*, 324 U.S. at 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Fourth Circuit has not directly addressed the factors to be considered when deciding motions for approval of FLSA settlements. *See id*. at *3 (citations omitted). However, district courts in this circuit typically follow the Eleventh Circuit's analysis in *Lynn's Food Stores*. *Id*. The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* (citations omitted). In this respect, the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations omitted).

### A. *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009).

After a review of the pleadings and the Settlement Agreement, the Court finds that a *bona*

*fide* dispute exists in this case. Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2)(C). If an employer violates Section 207, he is liable for unpaid overtime and an equal amount of liquidated damages. 29 U.S.C. § 216. In this case, Plaintiff alleges that Defendants failed to pay him overtime wages as required under the FLSA. In response, Defendants deny liability and have asserted several affirmative defenses including that Plaintiff was not an "employee" under the FLSA and MWPCL, but instead an independent contractor who was not entitled to overtime wages. Defendants also assert that Plaintiff's claims are time-barred. It is undisputed that a *bona fide* dispute exists as to Defendant's liability under the FLSA.

### B. Fairness and Reasonableness of the Settlement Agreement

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

After reviewing the factors set forth in *Saman*, the Court concludes that although the first four factors weigh in favor of a finding of fairness and reasonableness, counsels have not provided sufficient information as to the sixth factor. Consequently, the Court cannot find that the Settlement Agreement is a fair and reasonable compromise of the parties' *bona fide* dispute.

At this relatively early stage, discovery has not been concluded, but the parties have exchanged written discovery requests. ECF No. 13-1, at 3. Plaintiff took the deposition of Defendant Eileen Listrani, and other depositions were scheduled after the settlement conference date. *Id*. Although the Court does not find this case to be particularly complex, further litigation was likely going to consume substantial amounts of resources and time. There is no evidence that the Settlement Agreement is the product of fraud or collusion. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12. The Settlement Agreement was the result of "lengthy and substantial settlement negotiations" and a settlement conference. ECF No. 13-1, at 3. At all times, the parties were represented by well-prepared counsel. Plaintiff, in particular, was "fully advised of the benefits and risks of the settlement, and he desire[d] to enter into the [S]ettlement [A]greement." *Id*. at 4. Through discovery, the parties became familiar with the merits of their case. For instance, Plaintiff became aware that a "realistic possibility exist[ed] that [he] may lose this case at the summary judgment state or at trial." *Id*.

As to the sixth factor, under which the Court must consider the relationship between the settlement amount and Plaintiff's potential recovery, the Court finds that counsel have provided insufficient information to assess the Settlement Agreement's fairness and reasonableness. Under the Settlement Agreement, $12,000.00 would be paid to Plaintiff, and $8,000.00 to Plaintiff's counsel representing attorney's fees and costs. However, Plaintiff's counsel has not provided the Court with information as to the amount of unpaid overtime wages Plaintiff expected to recover if he succeeded at trial. Without this information, the Court cannot make a finding as to the relationship between the settlement amount and the potential recovery. *Cf.*

*Riveros*, 2015 WL 5897749, at *3 (where the court compared the settlement amount and the potential recovery and concluded that the plaintiff's receipt of 42% of his claims was a reasonable settlement); *Beam v. Dillon's Bus Service, Inc.*, No. DKC 14–3838., 2015 WL 4065036, at *4 (D. Md. July 1, 2015) (finding that the plaintiffs' respective receipt as part of the settlement of 63%, 59%, and 74% of the back pay they would have recovered if they had succeeded at trial, was a reasonable compromise); *Saman*, 2013 WL 2949047, at *5 (finding that the plaintiff's receipt of 84.4% of her potential recovery was a reasonable compromise). Since the Court cannot analyze all the relevant factors in this case, it cannot conclude at this time that the Settlement Agreement is fair and reasonable.

### C. Attorney's Fees and Costs

"Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)). "In making that assessment, courts typically use the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. *See Riveros*, 2015 WL 5897749, at *4. "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (citation omitted). The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations." *Id*. "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar

determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task." *Id*.

In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

The Court finds that Plaintiff's counsel has not carried his burden of proving that the attorney's fees he requested are reasonable. Under the Settlement Agreement in this case, Plaintiff's counsel would receive $8,000.00 out of which $7,606.15 represent attorney's fees and $393.85 represent costs incurred. *See* ECF No. 13-2, at 2. Plaintiff's counsel did not submit a billing statement detailing the hourly rate charged, the hours spent on this case, the nature of the costs incurred, nor an invoice for the expenses. Neither was an affidavit from counsel submitted in support of the representations that counsel's hourly rate is $425 and that he spent at least forty (40) hours on the case. Plaintiff's counsel also failed to provide any other documentation that would help the Court apply all the relevant factors and reach a conclusion as to the reasonableness of the fees requested. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which

he seeks an award."). Accordingly, the Court finds the attorney's fee award in the Settlement Agreement to be unreasonable.

### III.     Conclusion

For the foregoing reasons, the Court **DENIES** the Motion without prejudice. Counsel is permitted to submit supplemental documentation within (14) days of this Order. Specifically, counsel is permitted to submit information regarding the relationship between the settlement amount and Plaintiff's potential recovery, and the reasonableness of the attorney's fees requested.

October 14, 2015                                                                                         /s/
                                                                                              Charles B. Day
                                                                                              United States Magistrate Judge

CBD/yv