**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| SILVESTRE PIÑA | * |
| Plaintiff, | * |
| v. | * Civil Action No.: TDC-15-0638 |
| PAKALEX INC., et al., | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Before this Court is Plaintiff's Supplemental Memorandum in Support of Joint Motion for Approval of Settlement & Release (the "Supplemental Memorandum") (ECF No. 21). The Court has reviewed the Supplemental Memorandum and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court approves the Settlement Agreement and Release (the "Settlement Agreement") the parties executed as to all claims, including Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

**I.    Background[1]**

On August 7, 2015, the parties participated in a settlement conference before this Court. On August 20, 2015, the parties executed the Settlement Agreement. *See* ECF No. 13-2. On August 21, 2015, the parties filed a Joint Motion seeking approval of the Settlement Agreement.

---
[1] A complete factual background can be found in the Court's Memorandum Opinion issued on October 14, 2015.

1

*See* ECF No. 13. Under the Settlement Agreement, Plaintiff agrees to settle, discharge, and terminate all claims in exchange for a payment of $20,000.00, representing $12,000.00 in damages to Plaintiff, and $8,000.00 in attorney's fees and costs for Plaintiff's counsel. On October 14, 2015, the Court issued a Memorandum Opinion (the "October Opinion") and Order denying the Joint Motion without prejudice. *See* ECF Nos. 19 and 20. The Court reasoned that Plaintiff's counsel failed to provide sufficient information as to one of the factors the Court must consider: the fairness and reasonableness of the Settlement Agreement. *See* ECF No. 19, 4. The Court also did not grant the requested attorney's fees and costs because Plaintiff's counsel failed to carry his burden of proving that the attorney's fees requested were reasonable. *Id*. at 7. The Court then allowed counsel to file any supplemental documentation within fourteen (14) days of the entry of the October Opinion and Order. On October 21, 2015, Plaintiff submitted the Supplemental Memorandum addressing the fairness and reasonableness of the Settlement Agreement, and the request for attorney's fees and costs. In this Memorandum Opinion, the Court will only address these two issues since the other factors were analyzed in the October Opinion.

**II.     Analysis**

As previously discussed in the October Opinion, when deciding motions for approval of FLSA settlements, district courts in this circuit typically follow the Eleventh Circuit's analysis in *Lynn's Food Stores*. *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* (citations omitted). In this respect, the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the

settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Riveros v. WWK Constr., Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations omitted).

### A. *Bona Fide* Dispute

In the October Opinion, the Court found that a *bona fide* dispute exists in this case. *See* ECF No. 19, 3-4.

### B. Fairness and Reasonableness of the Settlement Agreement

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

In the October Opinion, the Court concluded that the first four factors weighed in favor of a finding of fairness and reasonableness. *See* ECF No. 19, 4-5. As to the sixth factor, the probability of Plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied that the settlement of Plaintiff's FLSA claim is fair and reasonable under the circumstances.

If equitable tolling applied and Plaintiff were able to recover unpaid overtime wages for seven years between approximately 2005 and December 2011, Plaintiff alleges Defendants

3

would owe him $19,714.24.[2] The amount of damages Plaintiff will receive under the Settlement Agreement, $12,000.00, represents approximately 61% of his FLSA claim. The Court acknowledges that $12,000.00 is significantly less than the amount of damages Plaintiff would receive if after a trial, Defendants were to be found to have willfully violated the FLSA. However, if the case proceeded to trial, Plaintiff had to overcome certain challenges to his FLSA claim such as: whether equitable tolling applied, whether Plaintiff was an "employee" under the statute or a general contractor, whether the employer's failure to pay overtime wages was based on "good faith" and therefore no liquidated damages under the FLSA applied. Defendant contends that it relied in "good faith" on the advice of its accountant regarding its payment obligations. In light of these challenges, the Court finds that the settlement amount is reasonable under the circumstances. Similarly, if after a trial, Plaintiff were allowed to recover unpaid overtime wages for a three-year period, Defendants would owe him $8,448.96. In this case, the Court finds that the $12,000.00 settlement amount is also reasonable under the circumstances.

The Court further finds that the settlement amount is reasonable in light of the Defendants' difficult financial position. Even if Plaintiff were to succeed at trial, it is uncertain whether Plaintiff would have been able to recover all the unpaid overtime wages and liquidated damages Defendants could owe under the FLSA.

The Settlement Agreement contains a general release of claims beyond those in the Complaint. *See* ECF No. 13-2, 2. A general release can render settlement agreements unreasonable if the release includes claims unrelated to those asserted in the Complaint. *Saman*,

---

[2] Plaintiff arrives at this number by first calculating the hourly rate by dividing the weekly salary, $650, by forty-eight (48) hours. Plaintiff then divides the hourly rate of $13.54 in half, multiplies this number times the eight (8) hours of overtime per week Plaintiff used to work, and then multiplies this number times fifty-two (52) weeks to arrive at the yearly overtime wage. Then Plaintiff multiplies the yearly overtime wage times the seven (7) years Defendants allegedly did not pay Plaintiff overtime wages.

4

2013 WL 2949047 at *5; *see also Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 410 (D. Md. 2014).  However, "if the employee is compensated reasonably for the release executed, the settlement can accepted" and the Court is "not required to evaluate the reasonableness of the settlement as to the non-FLSA claims."  *Duprey*, 30 F.Supp.3d at 410.  The Court in this case finds that Plaintiff was adequately compensated for the general release executed.

**C.  Attorney's Fees and Costs**

"Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'"  *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)).  "In making that assessment, courts typically use the principles of the traditional lodestar method as a guide."  *Lane*, 2011 WL 3880427, at *3 (citation omitted).  The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended.  *See Riveros*, 2015 WL 5897749, at *4.  "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Id*. (citation omitted).  The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations."  *Id*.  "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task."  *Id*.

In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

The Court finds that Plaintiff's counsel, Roberto N. Allen, has carried his burden of proving that the attorney's fees requested are reasonable. Under the Settlement Agreement in this case, Plaintiff's counsel would receive $8,000.00 out of which $7,195.93 represent attorney's fees and $804.01 represent costs incurred. Supp. Memo 6. Counsel submitted a declaration affirming that he spent forty-three (43) hours on the case, and that his hourly rate was $425.00. The declaration also indicated that although other attorneys worked on this case, in the exercise of his own discretion, counsel did not bill for their time, and only billed for his own time.

After analyzing the relevant factors from the list set forth above, the Court concludes that attorney's fees in this case are reasonable. In this case, counsel spent 14.9 hours on case development and case administration, 6.4 hours on pleadings, 10.2 hours on depositions, 3.0 hours on motions practice, 7.5 on the settlement, and 1 hour on the fee preparation. The Court finds that the time and labor counsel employed in this case were reasonable. The Court finds that the legal issues in this case were not particularly novel or difficult. However, the Court acknowledges, as Plaintiff's counsel represents, that some legal questions did not have clear answers such as how equitable tolling applied to FLSA claims, and whether treble damages were

6

available for unpaid overtime wages under the MWPCL. The Court finds that Plaintiff's counsel had the required skill, experience and preparation to properly perform the legal services in this case. Plaintiff's counsel acknowledges in his declaration that this case did not prevent him from taking other cases; therefore, this factor has a neutral effect in the reasonableness analysis. The fee charged by Plaintiff's counsel is a customary fee for this kind of legal work. Plaintiff's counsel's hourly rate of $425.00 is within the range set forth in Appendix B to the Court's Local Rules for an attorney like Plaintiff's counsel who has eighteen (18) years of experience. Plaintiff's counsel submits in his declaration that the total fees incurred amounted to $18,275.00, but counsel is asking the Court to approve the discounted amount of $7,195.93.

The costs incurred included a $400.00 filing fee, $368.85 for a deposition transcript, and $35.22 for service of process by certified mail. The Court finds these costs, totaling $804.07, to be reasonable.

### III. Conclusion

For the foregoing reasons, the Court vacates the denial without prejudice and **GRANTS** the Joint Motion.

November 18, 2015 /s/
Charles B. Day
United States Magistrate Judge

CBD/yv